**In re Ronald DRIMMEL, Debtor.**

**Ronald DRIMMEL, Plaintiff,**

**v.**

**Larry W. MORAN, District Judge for the Eighteenth Judicial District of Montana, County of Gallatin, State of Montana, Defendant.**

**Bankruptcy No. 90–21194–13.**
**Adv. No. 92/00039.**

United States Bankruptcy Court,
D. Montana.

July 23, 1992.

James J. Screnar, Nash, Guenther, Zimmer & Screnar, Bozeman, Mont., for debtor/plaintiff.

Gerry M. Higgins, DCA, Gallatin County Attorney's Office, Bozeman, Mont., for defendant.

ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this adversary proceeding the Chapter 13 Debtor/Plaintiff seeks declaratory relief and an injunction against the Defendant state district court judge from enforcing a post-petition restitution condition of a deferred sentence imposed against the Debtor in a criminal conviction for forgery. Af-

ter due notice, trial was held at Butte on June 23, 1992. Both sides appeared or were represented by counsel. Several exhibits, consisting of the information, complaint, and sentencing Order entered in case No. DC91–32 in the Montana Eighteenth Judicial District Court, Gallatin County, were entered into evidence. The parties also filed a stipulation of fact. No testimony was heard. At the close of trial the Court granted the parties time to file briefs. Those having now been filed, this Court deems this matter submitted and ripe for decision.

At issue is whether a post-petition restitution condition of Debtor's deferred sentence for forgery is included under the Debtor's Chapter 13 Plan based on a Proof of Claim filed by the forgery victim, and therefore subject to discharge under 11 U.S.C. § 1328(a). Also at issue is whether the Debtor is entitled to an injunction against the Defendant to prevent enforcement of the restitution. For the reasons set forth below, this Court holds that the restitution condition is not provided under the Plan, the Debtor has failed to make a sufficient showing in support of an injunction, and enters judgment for the Defendant dismissing the Complaint.

The facts are not in dispute. The Debtor filed a voluntary Chapter 13 Petition on August 14, 1990. In his Schedules Debtor listed Roger Koopman (Koopman) as an unsecured creditor in the sum of $40,797. The Debtor amended his schedules on February 11, 1991. On March 28, 1991, this Court entered an Order confirming the Debtor's second Chapter 13 Plan over the good faith objection of Koopman. On the Chapter 13 Trustee's motion, this Court entered an Order modifying the Plan on October 10, 1991. Despite the amendment and modification, nowhere in the Debtor's Schedules or Plan is a restitution obligation listed as a claim or treated under the Plan.

On February 27, 1991, a Complaint was filed charging the Debtor with felony forgery under Mont.Code Ann. § 45–6–325 (1991), in the Montana Eighteenth Judicial District Court, Gallatin County, No. DC91–32, the Hon. Larry Moran (Defendant) pre-

siding ("forgery charge"). On October 8, 1991, the Debtor pleaded guilty to the felony charge. The sentencing hearing took place on January 7, 1992, and the Defendant entered an Order deferring imposition of sentence for six (6) years with conditions on February 26, 1992, ("forgery sentence").

Among the conditions of the Debtor's sentence is a requirement that the Debtor pay restitution in the amount of $41,297.01 to the clerk of the district court, together with costs of $270, for distribution to Koopman and St. Paul Fire and Marine Insurance Company. On March 20, 1992, the Debtor filed this adversary proceeding seeking a declaration that the restitution condition is void and illegal, and further seeking an injunction against the Defendant's enforcement of the restitution condition.

■ The Debtor argues that the restitution condition was disposed of under the Debtor's confirmed Chapter 13 Plan through its treatment of Koopman's unsecured claim, and that the restitution order is illegal under the Bankruptcy Code and the Supremacy Clause of the United States Constitution. Debtor cites *Pennsylvania Department of Public Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), and *In re Hucke*, 128 B.R. 675 (D.Or.1991) in support of his argument. The facts of those cases, however, differ from the facts of the instant case so as to render those holdings inapposite to the instant adversary proceeding.

In *Davenport*, the U.S. Supreme Court held that restitution obligations constitute debts under the Bankruptcy Code and are therefore dischargeable under Chapter 13. 495 U.S. at 564, 110 S.Ct. at 2133–34. The debtors in *Davenport* plead guilty to welfare fraud in September of 1986, and were ordered to pay restitution. *Id.* at 556, 110 S.Ct. at 2129. In May of 1987 the debtors filed for Chapter 13 protection and listed the restitution debt as an unsecured debt. The restitution debt, being provided for by the debtors' Plan, was dischargeable under 11 U.S.C. § 1328(a) as it was then written. *Id.* at 564, 110 S.Ct. at 2133–34. Unlike the debtors in *Davenport*, the restitution condi-

tion of Debtor's forgery sentence was not imposed until January of 1992 at the sentencing hearing, more than nine (9) months after the Debtor's Plan was confirmed. Unlike *Davenport*, the Debtor's restitution condition from the forgery sentence was not scheduled, as it was not imposed until more than a year after the chapter 13 petition was filed. This fact is fatal to the Debtor's argument.

After *Davenport*, Congress amended the Bankruptcy Code to except criminal restitution from discharge under Chapter 13. P.L. 101–581, 104 Stat. 2865 (November 15, 1990) (adding 11 U.S.C. § 1328(a)(3)). *In re Hucke*, 128 B.R. 675, 679 (D.Or.1991). The parties agree that the new § 1328(a)(3) does not apply to bankruptcies which commenced before November 15, 1990. Therefore, a discharge under Chapter 13 discharges restitution debts provided for by a plan.

As in *Davenport*, the restitution debt in *Hucke* was provided for under the debtor's plan. 128 B.R. at 676. The debtor in *Hucke* plead guilty to rape in May of 1990 and received a sentence including restitution. *Id.* The debtor filed a Chapter 13 petition and listed the restitution debt in his schedules. *Id.* When the debtor was jailed for probation revocation for failure to make restitution payments, the district court applied *Davenport*, held that the state violated the automatic stay, and voided the judgment revoking probation.

The facts of the instant case differ from the facts of *Davenport* and *Hucke* in one critical aspect. As noted above, those debtors listed their restitution debts in their schedules. The Debtor in the instant case did not. Indeed, he could not because the restitution condition was not imposed until more than sixteen (16) months after the petition was filed.

Under 11 U.S.C. § 521(1), the Debtor is required to file a list of creditors. "Creditor" is defined in 11 U.S.C. § 101(10)(A) as an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor. This definition includes, with certain exceptions, only holders of prepetition claims

against the debtor. H.R.Rep. No. 595, 95th Cong., 1st Sess. 309–310 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Any creditor whose claim is not scheduled must file a Proof of Claim within the time prescribed, or shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution. F.R.B.P. 3003(c)(2).

The Defendant and the clerk of the Montana Eighteenth Judicial District were not among the creditors listed in the Schedules. The restitution condition was not imposed until well after the petition date, and well after the Debtor's Plan was confirmed. Therefore, this Court finds that they were not "creditors" as defined by the Code. Therefore, they were not required to file a Proof of Claim. The restitution condition was a post-petition, not a pre-petition, debt.

Koopman's claim was scheduled, a Proof of Claim was filed, and the claim was provided for by the Plan which was confirmed March 28, 1991, more than nine (9) months before the restitution was ordered as part of the forgery sentence. There is no dispute that Koopman's claim is dischargeable under § 1328(a). Debtor states correctly, "[t]he creditor is therefore bound to receive the payments he is going to receive under the plan and cannot receive anything more." The Debtor argues that the restitution condition of his deferred sentence is nothing more than a method of collection of an otherwise dischargeable debt.

Such a characterization of restitution as merely a debt collection tactic ignores the clearly stated policy behind restitution. Debtor voluntarily plead guilty to felony forgery of a sum exceeding $40,000. Debtor argues that the restitution obligation is addressed by the treatment of Koopman's claim in the Plan. The Court does not share Debtor's contention that a restitution condition arising from a felony conviction for forgery involving over $40,000 is trivial enough to be provided for by implication through the scheduling of an ordinary creditor's unsecured claim. A post-petition felony criminal conviction and restitution sentence is not disposed of so lightly by a Chapter 13 Plan confirmed nine (9) months

earlier in a bankruptcy case of which the sentencing court received no notice and was not scheduled as a creditor. For the above reasons, this Court finds the restitution condition was not "provided for by the plan" under § 1328(a) and is therefore not subject to discharge.

■ Restitution is authorized as a condition of a deferred sentence in Mont.Code Ann. § 46–18–201(1)(a)(iv) (1991). The correctional policy of the state of Montana is found at Mont.Code Ann. § 46–18–101 (1991). The correctional policy is to protect society by preventing crime through punishment *and rehabilitation* of the convicted. Mont.Code Ann. § 46–18–101(2) (1991) (Emphasis added). The Montana Supreme Court has written, "[t]here is no question that Mont. Const. Art. II, Sec. 28, provides that '[l]aws for the punishment of crime shall be founded on the principles of prevention and reformation.'" *State v. Stroud*, 210 Mont. 58, 683 P.2d 459, 469 (Mont.1984). The Montana Supreme Court in *Stroud* rejected the defendant's contention that his sentence would not deter either him or others from future wrongful conduct, or that his sentence would not lead to reformation, because the defendant failed to cite evidence or authority in support. *Id.*

Likewise, the Debtor in the instant case offered no evidence or authority that the restitution condition imposed by the Defendant was mere debt collection, and not based upon the policy of rehabilitation of the Debtor. Nevertheless, the Debtor seeks this Court's intervention in state criminal proceedings to enjoin the Defendant, based upon 11 U.S.C. § 362, from further proceedings to enforce the restitution condition of the Debtor's deferred sentence.

This Court has recognized that bankruptcy laws are not a haven for criminal offenders. *In re Asay*, 141 B.R. 201, 202 (Bankr. Mont.1992) (other citations omitted). This Court follows the "bad faith/abstention doctrine" from *Younger v. Harris*, 401 U.S. 37, 43–49, 91 S.Ct. 746, 750–53, 27 L.Ed.2d 669 (1971), which the Ninth Circuit applied in *In re Heincy*, 858 F.2d 548, 549 (9th Cir.1988), in determining whether to enjoin state criminal proceedings. *Asay*, 141 B.R. at 203. Under that standard, this Court grants such an injunction only under extraordinary circumstances, if the Debtor does not have an adequate remedy at law and will suffer immediate irreparable injury, that is, unless the injunction is necessary to preserve a federally protected right if denied equitable relief. *Id., Heincy*, 858 F.2d at 549.

Upon review of the record, this Court finds that the Debtor has failed to make a showing of extraordinary circumstances to justify an injunction under the bad faith/*Younger* abstention standard. Debtor plead guilty to forgery, and received a deferred sentence including restitution when he could have received a sentence of twenty (20) years and a fine of $50,000. Mont.Code Ann. § 45–6–325(4) (1991). Debtor failed to appeal his sentence to the Montana Supreme Court, and may not now assert lack of an adequate remedy at law from that waiver of appeal. The Debtor failed to show that he will suffer immediate irreparable injury. The restitution condition requires monthly payments of $573.57, not the entire $41,297.01 at one time.[1] While such payments may not be possible under by the constraints of the Debtor's Plan, Debtor failed to show that such condition is irreparable given the Code's provisions for modification at 11 U.S.C. § 1329. Debtor failed to show that the injunction is necessary to preserve a federally protected right under the Bankruptcy Code, because, as explained above, the restitution condition was a post-petition debt, unscheduled, not provided under the Plan, and thus not dischargeable under § 1328(a), no matter which version of that statute was in effect.

---

1. Indeed, the Defendant concedes that *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) affords Debtor protection against revocation of probation without a finding by the state trial court that the Defendant did not make a bona fide effort to pay restitution and that other forms of punishment are inadequate.

In summary, the Debtor has failed to satisfy his burden of proof that the restitution debt is a debt provided for by the Plan, and failed to satisfy the burden for an injunction under the *Younger*/abstention doctrine. This Court will not interpose itself between the Montana criminal justice system and the Debtor solely because the Debtor prematurely filed his Chapter 13 petition before he was sentenced for felony forgery.

IT IS ORDERED a separate Judgment on the merits in favor of the Defendant shall be entered dismissing this adversary proceeding.

